Affirmed and Memorandum Opinion filed June 10, 2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-09-00056-CR



JeffEry Wheatley, Appellant 

v.

The State of Texas, Appellee 



On Appeal from
the 52nd District Court

Coryell County, Texas

Trial Court Cause
No. FO-07-19168



 

MEMORANDUM OPINION 

Appellant Jeffery Wheatley was convicted of
harassment by persons in certain correctional facilities and sentenced to life
imprisonment.  Appellant raises six issues on appeal.  We affirm the judgment
of the trial court.  

Factual and Procedural
Background

At the time of the offense, appellant was
incarcerated in the Alfred D. Hughes Unit (the “Hughes Unit”) of the Texas
Department of Criminal Justice, Institutional Division (the “TDCJID”).  Appellant
was housed in the Hughes Unit’s administrative segregation area and was on
container restriction.[1] 
Officer Ian Siverly testified that he and Officer Luis Maldonado were escorting
inmate Billy Fisher from a shower to Fisher’s cell.  To reach Fisher’s cell
(“Cell 77”), they had to pass inmate David Duran (“Cell 74”), appellant (“Cell
75”), and inmate Charlie Benjamin (“Cell 76”).  As Siverly and Fisher passed
between Cells 74 and 75, they were squirted with a substance shown by the evidence
to be human or animal feces.  Neither Siverly nor Maldonado saw who sprayed the
feces, but they each testified there was a trail of feces leading from Cell
75’s food slot and door to where Siverly and Fisher were standing.  In a
statement given to an inmate counselor, Fisher acknowledged seeing feces trickling
down Cell 75’s food slot and door but stated he did not see who sprayed the
feces.  At trial, Fisher testified that he identified appellant as the culprit immediately
after the incident, but stated he only did so because he and appellant were
arguing at the time.  Siverly testified Fisher never identified appellant as
the culprit and also stated he was one hundred percent sure the feces came from
Cell 75.  After being informed of the incident, Lieutenant Michael Miller responded
to the cell-block and searched Cells 75 and 77 for containers of feces but
found none.  Miller also noted the presence of feces on Cell 75’s door and the
ground in front of the cell.  

Inmates Duran and Benjamin testified for the
defense.  Duran stated the feces were sprayed from Cell 76, not Cell 75. 
Benjamin, Duran, and Fisher each testified that Fisher and Benjamin were
arguing on the day of the offense over the amount of noise Fisher made while
Benjamin slept.  Benjamin stated he used a shampoo bottle filled with feces to
spray Fisher because of this argument and that the bottle was found in front of
Cell 75 after Benjamin rolled it through a hole between the ground and his cell
door.  Benjamin also stated that he told prison officers appellant did not
spray the feces.  Miller testified that no container was found in or near Cell
75 and that Benjamin never informed anyone appellant was not the culprit.  Benjamin,
Duran, and Fisher also testified that Maldonado was not with Siverly when the
incident occurred.  

Appellant was subsequently charged by indictment with
two counts of felony harassment by persons in certain correctional facilities. 
The first count alleged that appellant, with intent to harass, alarm, or annoy,
caused Siverly to come into contact with human or animal urine.  The second
count alleged that appellant, with intent to harass, alarm or annoy, caused
Siverly to come into contact with human or animal feces.  Appellant pleaded
“not guilty” to both counts.  After both sides rested at trial, the State decided
to proceed with only the second count.  The jury found appellant guilty of the offense. 
The indictment also included two enhancement paragraphs alleging that appellant
had two prior felony convictions.  Appellant pleaded “not true” to both of the
enhancements.  At the conclusion of the punishment phase, the jury found both
enhancements “true.”  Appellant was sentenced to life imprisonment.  

Appellant raises six issues on appeal, contending
that the evidence is legally and factually insufficient to support his
conviction, the trial court erred by refusing to give the jury a limiting
instruction after a witness invoked the Fifth Amendment in the jury’s presence,
the trial court erred in admitting an unauthenticated copy of a document
relating to one of the enhancement offenses, the evidence is legally insufficient
to support the jury’s finding that appellant is a habitual or repeat offender,
and there is a fatal variance between the final conviction date for the first
enhancement offense as alleged in the indictment and the date proved at trial.[2] 


 

Legal and Factual Sufficiency of
the Evidence 

In his third and fourth issues, appellant argues the
evidence is legally and factually insufficient to establish his guilt.  To
support a conviction, the State is required to prove beyond a reasonable doubt that
appellant, while imprisoned or confined in a correctional facility and with
intent to harass, alarm, or annoy, caused Siverly to come into contact with
human or animal feces.  See Act of May 16, 2003, 78th Leg., R.S., ch.
878, § 1, 2003 Tex. Gen. Laws 2688, 2688 (amended 2005) (current version
at Tex. Penal Code Ann.
§ 22.11(a) (Vernon Supp. 2009)).  Appellant contends only that the
evidence does not show he caused Siverly to come into contact with feces.  

a)     Standards
of Review

In reviewing the legal sufficiency of the evidence, we
view the evidence in the light most favorable to the verdict and determine
whether a rational trier of fact could find the essential elements of an
offense beyond a reasonable doubt.  Salinas v. State, 163 S.W.3d 734,
737 (Tex. Crim. App. 2005).  As the trier of fact, the jury “is the sole judge
of the credibility of the witnesses and of the strength of the evidence.”  Fuentes
v. State, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999).  The jury may choose
to believe or disbelieve any portion of the testimony at trial.  Sharp v.
State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986).  Additionally, the jury
may draw reasonable inferences from basic facts to ultimate facts.  Clewis
v. State, 922 S.W.2d 126, 133 (Tex. Crim. App. 1996).  When faced with
conflicting evidence, we presume the trier of fact resolved conflicts in the
prevailing party’s favor.  Turro v. State, 867 S.W.2d 43, 47 (Tex. Crim.
App. 1993).  However, our duty as a reviewing court requires us to ensure that
the evidence presented actually supports a conclusion that the defendant
committed the crime charged.  Williams v. State, 235 S.W.3d 742, 750
(Tex. Crim. App. 2007).  It is not necessary for every fact to point directly
and independently to the accused’s guilt, so long as the cumulative force of
all the incriminating circumstances is sufficient to support the conviction.  Hooper
v. State, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).  Circumstantial evidence
is as probative as direct evidence in establishing an accused’s guilt and is
alone sufficient to support a conviction.  Guevara v. State, 152 S.W.3d
45, 49 (Tex. Crim. App. 2004).  

While conducting a factual sufficiency review, we
view all the evidence in a neutral light and will set aside the verdict only if
we are able to say, with some objective basis in the record, that the
conviction is clearly wrong or manifestly unjust because the great weight and
preponderance of the evidence contradicts the jury’s verdict.  Watson v.
State, 204 S.W.3d 404, 414–17 (Tex. Crim. App. 2006).  We cannot declare
that a conflict in the evidence justifies a new trial simply because we
disagree with the jury’s resolution of that conflict, and we do not intrude
upon the fact-finder’s role as the sole judge of the weight and credibility of any
witness’ testimony.  See id. at 417; Fuentes, 991 S.W.2d at 271. 
The fact-finder may choose to believe all, some, or none of the testimony
presented.  Cain v. State, 958 S.W.2d 404, 407 n.5 (Tex. Crim. App.
1997); Chambers v. State, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).  In
our review, we discuss the evidence appellant claims is most important in
allegedly undermining the jury’s verdict.  Sims v. State, 99 S.W.3d 600,
603 (Tex. Crim. App. 2003).  If we determine the evidence is factually
insufficient, we must explain in exactly what way we perceive the conflicting
evidence to greatly preponderate against conviction.  Watson, 204 S.W.3d
at 414.  

b)     Analysis

Appellant argues the jury’s verdict is not supported
by the evidence because it is supported mainly by circumstantial, and not
direct, evidence.  This argument fails, however, because circumstantial
evidence alone is sufficient to establish guilt.  Hooper, 214 S.W.3d at
15; Guevara, 152 S.W.3d at 49.  Appellant further contends the jury was
forced to rely on speculation and “guess” whether appellant, Benjamin, or Duran
committed the offense because no one saw who sprayed Siverly with feces.  See
Hooper, 214 S.W.3d at 16 (stating juries are not permitted to draw
conclusions based on speculation).  So long as other evidence establishes guilt
for the offense, eyewitness testimony is not necessary.  See Greene v. State,
124 S.W.3d 789, 792 (Tex. App.—Houston [1st Dist.] 2003, pet. ref’d); see
also Hooper, 214 S.W.3d at 14 (“[D]irect evidence of the elements of the
offense is not required.”); Martin v. State, 246 S.W.3d 246, 261 (Tex.
App.—Houston [14th Dist.] 2007, no pet.) (same).  The jury is entitled to draw
reasonable inferences from the evidence presented at trial.  See Hooper,
214 S.W.3d at 14; Martin, 246 S.W.3d at 261.  

The undisputed evidence at trial shows that Cell 75’s
food slot and door, as well as the ground in front of Cell 75, were splattered
with feces.  Several witnesses testified that there was a trail of feces
leading directly from Cell 75 to Siverly, and Siverly testified he was positive
the feces came from Cell 75.  Appellant was the sole occupant of Cell 75.  There
is no evidence of fecal matter being present on any cell other than Cell 75, or
of a trail of feces leading to Siverly from any cell other than Cell 75.  From
these facts the jury could reasonably infer that appellant sprayed the feces
from Cell 75.  See Hooper, 214 S.W.3d at 14; Martin, 246 S.W.3d
at 261.  The jury was not required to “guess” to reach a conclusion that
appellant committed the offense.  

Appellant also contends evidence the evidence is
legally and factually insufficient because appellant was on container restriction
at the time of the offense, while Benjamin and Duran were not, and no
feces-filled container was found during officers’ search of Cell 75.  In
addition to this evidence, the jury also heard testimony that inmates on
container restriction still manage to collect containers, containers are often
flushed into the prison sewer system, and it is not rare for investigators to
be unable to find containers used by inmates to spray various substances on
other individuals.  We presume the jury resolved this evidentiary conflict in
the State’s favor.  See Turro, 867 S.W.2d at 47; State v. Moreno,
297 S.W.3d 512, 522 (Tex. App.—Houston [14th Dist.] 2009, pet. ref’d).  Appellant
also argues that Benjamin’s statement that he sprayed the feces, in conjunction
with statements by Duran and Fisher that appellant was not the culprit, show
appellant is not guilty of the offense.  As the sole judge of witness
credibility, the jury was free to believe or disbelieve Benjamin’s admission,
as well as the testimony of Duran and Fisher.  See Fuentes, 991 S.W.2d
at 271; Chambers, 805 S.W.2d at 461.  Based on the verdict, the jury
chose not to believe the testimony of Benjamin, Duran, or Fisher.  We may not
substitute the jury’s determinations with our own, especially when dealing with
the weight and credibility of the evidence.  See Johnson v. State, 23
S.W.3d 1, 9 (Tex. Crim. App. 2000).  

Viewing the evidence in the light most favorable to
the verdict, we find that a rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt.  See Act of
May 16, 2003, 78th Leg., R.S., ch. 878, 2003 Tex. Gen. Laws 2688 (amended 2005);
Salinas, 163 S.W.3d at 737.  Thus, the evidence is legally sufficient to
support appellant’s conviction.  We also find that the evidence is factually
sufficient to support the jury’s verdict because, after neutrally reviewing the
record, we cannot say the great weight and preponderance of the evidence contradicts
the jury’s verdict.  See Watson, 204 S.W.3d at 414–17.  We therefore
overrule appellant’s third and fourth issues.  

Trial Court’s Failure to Provide a 

No-Adverse-Inference
Limiting Instruction

In his fifth issue, appellant alleges that the trial
court erred by refusing to give the jury a limiting instruction that it could
not draw an adverse inference against appellant based on Duran’s invocation of
his Fifth Amendment right against self-incrimination.  During the State’s
cross-examination of Duran, the prosecutor asked Duran why he was serving time
in prison.  Appellant objected to this question, arguing that the probative
value of Duran’s prior conviction was outweighed by its prejudicial value.  See
Tex. R. Evid. 609.  The jury
was removed from the courtroom, and Duran stated he had been convicted of
aggravated sexual assault of a child.  The trial court overruled appellant’s
objection but agreed to instruct the jury that it could only consider Duran’s
prior conviction for the purpose of evaluating his credibility after Duran
answered the State’s question in front of the jury.  When the jury returned, the
following exchange occurred: 

[Prosecutor]: Have you been convicted of a felony? 

[Duran]: I would like to tell the Court that this Court
doesn’t have jurisdiction over me under article 1, 2, 3, and I plead the Fifth
because you do not have no [sic] subject [sic] over me.  I am not part of your
compact, and you cannot prove I’m part of your compact or your constitution. 
You cannot subject me to anything. 

[The Court]: All right.  You’ll answer the question. 

[Duran]: You don’t have no [sic] jurisdiction over me. 

[The Court]: I actually do have jurisdiction over you. 
You’ll answer the question.  I’m directing you to answer the question. 

[Duran]: I don’t recall.  Could you please refresh my
memory.  I would like some type of proof that this is a final conviction.  Do
you have any documents showing— 

[The Court]: All right.  Will you answer the question or
not answer the question? 

[Duran]: I don’t recall.  That was my answer. 

[The Court]: All right.  Proceed. 

[Prosecutor]: I don’t have any further questions. 

Then, at appellant’s request,
the jury was again removed from the courtroom and appellant asked the trial
court to instruct the jury that it could not draw an adverse inference against
appellant because Duran invoked his Fifth Amendment privilege.  In denying appellant’s
request, the trial court stated “I did not hear an assertion of the right
against self-incrimination.”  Appellant contends that the trial court abused
its discretion in denying the requested instruction. 

a)     Standard
of Review 

            Generally, the
jury is not permitted to view a witness, other than the accused, invoke the
Fifth Amendment and decline to testify.  See Ellis v. State, 683 S.W.2d
379, 382–83 (Tex. Crim. App. 1984); Williams v. State, 800 S.W.2d 364,
367 (Tex. App.—Fort Worth 1990, pet. ref’d).  If a witness invokes a claim of
privilege in the jury’s presence, a party “against whom the jury might draw an
adverse inference” is entitled to, upon request, an instruction that the jury
not draw any adverse inference from the witness’s claim of privilege.  See
Tex. R. Evid. 513(d); Benitez
v. State, 5 S.W.3d 915, 919 (Tex. App.—Amarillo 1999, pet. ref’d).  The
record shows that Duran invoked the Fifth Amendment by stating “I plead the
Fifth”; therefore, the trial court erred in refusing to provide appellant’s
requested no-adverse-inference instruction.  

When reviewing a trial court’s refusal to grant a
limiting instruction, we conduct a harmless error analysis pursuant to Texas
Rule of Appellate Procedure 44.2(b).  See Jones v. State, 944 S.W.2d
642, 653 (Tex. Crim. App. 1996); Lemmons v. State, 75 S.W.3d 513, 524–25
(Tex. App.—San Antonio 2002, pet. ref’d).  We must disregard non-constitutional
errors that do not affect a criminal defendant’s substantial rights.  See
Tex. R. App. P. 44.2(b); Garcia
v. State, 126 S.W.3d 921, 927 (Tex. Crim. App. 2004).  A substantial right
is affected when an error has a substantial and injurious effect or influence
on the jury’s verdict.  See Garcia, 126 S.W.3d at 927; Austin v.
State, 222 S.W.3d 801, 812 (Tex. App.—Houston [14th Dist.] 2007, pet.
ref’d).  We must examine the entire record to determine if the error had no
influence on the jury or had but a slight effect.  Casey v. State, 215
S.W.3d 870, 885 (Tex. Crim. App. 2007); Austin, 222 S.W.3d at 812.  We
consider the nature of the evidence supporting the verdict, the character of
the alleged error, how the error might be considered in connection with other
evidence in the case, and whether the State emphasized the error.  See Bagheri
v. State, 119 S.W.3d 755, 763 (Tex. Crim. App. 2003); Austin, 222
S.W.3d at 812; see also Martinez v. State, 188 S.W.3d 291, 293 (Tex.
App.—Waco 2006, pet. ref’d).  

b)     Analysis

After reviewing the record as a whole, we find that
the trial court’s failure to provide a no-adverse-inference limiting
instruction was harmless.  As discussed above, the jury heard sufficient
evidence to support appellant’s conviction.  Even if the jury disbelieved
Duran’s testimony because he invoked the Fifth Amendment, appellant was still
able to present evidence of a defensive theory through Benjamin’s claim that he
committed the offense and Fisher’s testimony that appellant did not spray the
feces.  See Martinez, 188 S.W.3d at 293 (listing defensive theories as a
factor to consider when conducting a harm analysis).  Additionally, the State
did not emphasize Duran’s invocation of the Fifth Amendment after Duran’s
testimony or during closing argument.  See id.  Furthermore, Duran’s informing
the jury that he had been convicted of aggravated sexual assault of a child
would not incriminate appellant because it does not show appellant was involved
in spraying Siverly with feces.  See, e.g., Triplett v.
State, 292 S.W.3d 205, 210 n.10 (Tex. App.—Amarillo 2009, pet. ref’d) (stating
an incriminating statement is one that tends to establish the guilt of an
accused).  

The trial court’s failure to provide a
no-adverse-inference limiting instruction had no influence on the jury or had
but a slight effect.  See Austin, 222 S.W.3d at 812.[3]  Therefore,
the trial court did not err in failing to grant appellant’s requested
instruction.  We overrule appellant’s fifth issue.  

Punishment Phase Factual and
Procedural Background

Appellant’s remaining issues are related to the
evidence presented during the punishment phase of trial.  The indictment
contains the following enhancement paragraphs:

And it is further presented in and to said Court that,
prior to the commission of the aforesaid offense (hereafter styled the primary
offense), on the 5th day of October 1987, in Cause # 462089 in the 178th
District Court of Harris County, Texas, the defendant was convicted of the
felony offense of Aggravated Robbery. 

And it is further presented in and to said Court that,
prior to the commission of the primary offense and after the conviction in
Cause # 462089 was final, the defendant committed the felony offense Harassment
by a person in Certain Correctional Facilities and was convicted on the 5th day
of August 2002, in Cause # F0-01-16,172 in the 52nd Judicial Court of Coryell
County Texas.  

During the punishment phase, the State introduced a
copy of appellant’s penitentiary packet into evidence (“State’s Exhibit 20”).  State’s
Exhibit 20 contains copies of appellant’s photograph, the judgments in cause
numbers 462089 and F0-01-16,172, appellant’s fingerprints, and affidavits
attesting that State’s Exhibit 20 represents a true and correct copy of
appellant’s records on file with the TDCJID.  Israel Brionez, a certified
fingerprint examiner, testified that the fingerprints contained in State’s
Exhibit 20 matched those he took from appellant during trial.  During
cross-examination, appellant’s counsel introduced a mandate from the First
Court of Appeals (“Defendant’s Exhibit 10”) reversing and remanding appellant’s
conviction in cause number 462089.  Nothing in State’s Exhibit 20 indicates
this reversal.  

The following day, the trial court admitted a second
penitentiary packet into evidence (“State’s Exhibit 26”), and Brionez testified
that appellant’s fingerprints taken during trial matched those found in State’s
Exhibit 26.  State’s Exhibit 26 contains a copy of the judgment on remand of cause
number 462089; however, this judgment contains a notation that appellant filed
a notice of appeal following judgment on remand.  State’s Exhibit 26 does not
show the disposition of this appeal.  The State also attempted to admit a
separate facsimile copy of a mandate issued by the Eighth Court of Appeals (“State’s
Exhibit 23”) on August 8, 1990, affirming the judgment after remand in cause
number 462089.  The trial court admitted State’s Exhibit 23 over appellant’s
objection that the State failed to show it was a properly authenticated
facsimile copy of the original mandate.  

Admissibility of State’s Exhibit
23

            In his first
issue, appellant argues that the trial court erred in admitting State’s Exhibit
23 into evidence because the State failed to show (1) that it exercised reasonable
diligence in attempting to obtain a non-facsimile version of a properly
authenticated copy of the mandate or (2) that the facsimile copy of the mandate
met the admissibility requirements of the Texas Rules of Evidence 902
(“Self-Authentication”), 1003 (“Admissibility of Duplicates”), and 1005
(“Public Records”).  In response, the State contends that State’s Exhibit 23
was properly admitted because the trial court could have believed a reasonable
juror could find State’s Exhibit 23 had been authenticated or identified.  See
Tex. R. Evid. 901(a) (“Requirement
of Authentication or Identification”); Druery v. State, 225 S.W.3d 491,
502 (Tex. Crim. App. 2007).  

a)     Standard
of Review

            We apply an abuse
of discretion standard when reviewing a trial court’s decision to admit or
exclude evidence.  See Ramos v. State, 245 S.W.3d 410, 417–18 (Tex.
Crim. App. 2008); Oprean v. State, 201 S.W.3d 724, 726 (Tex. Crim. App.
2006).  A trial court’s evidentiary ruling will be upheld so long as it is
within the “zone of reasonable disagreement” and correct under any legal theory
applicable to the case.  See Winegarner v. State, 235 S.W.3d 787, 790
(Tex. Crim. App. 2007); Kacz v. State, 287 S.W.3d 497, 501–02 (Tex.
App.—Houston [14th Dist.] 2009, no pet); Johnson v. State, 263 S.W.3d
405, 419 (Tex. App.—Waco 2008, pet. ref’d).  

b)     Analysis

A document may be authenticated under either Texas
Rule of Evidence 901 or 902 and need not be authenticated under both.  See
Reed v. State, 811 S.W.2d 582, 586 (Tex. Crim. App. 1991) (op. on reh’g); Hull
v. State, 172 S.W.3d 186, 189 (Tex. App.—Dallas 2005, pet. ref’d).  Under
rule 901, “[t]he requirement of authentication or identification as a condition
precedent to admissibility is satisfied by evidence sufficient to support a
finding that the matter in question is what its proponent claims.”  Tex. R. Evid. 901(a); see also
Druery, 225 S.W.3d at 502.  The rule does not limit the type of extrinsic
evidence which may be used.  See Hull, 172 S.W.3d at 189.  Under rule
901(b)(7), public records or reports may be authenticated by “[e]vidence that a
writing authorized by law to be recorded or filed and in fact recorded or filed
in a public office, or a purported public record, report, statement, or data
compilation, in any form, is from the public office where items of this nature
are kept.”  Tex. R. Evid. 901(b)(7). 
Thus, a public record may be authenticated by “showing that the document is
from a public office authorized to keep such a record.”  Hull, 172
S.W.3d at 189.  

The TDCJID is authorized to keep records such as the
mandate affirming appellant’s aggravated robbery conviction.  See Reed,
811 S.W.2d at 587 (stating the TDCJID is authorized to keep inmates’ judgment and
sentencing records under rule 901, because the TDCJID relies on these records
as its basis for admitting prisoners and keeping them in custody); Hull,
172 S.W.3d at 189–90 (concluding copies of orders kept by the Hunt County
Clerk’s Office were admissible under rule 901, because the clerk’s office is
authorized to keep documents from juvenile courts); Spaulding v. State,
896 S.W.2d 587, 590 (Tex. App.—Houston [1st Dist.] 1995, no pet.) (holding
certified driver’s license report created by Texas Department of Public Safety
was sufficient extrinsic evidence that a photograph of appellant’s driver’s
license entered into evidence was authentic and from official Department of
Public Safety records).  We need not decide whether the TDCJID is a public
office because State’s Exhibit 23 is a correct copy of the document the TDCJID
relies upon when compiling inmate records.  This “constitutes extrinsic
evidence that the records are what the proponent claims them to be.”  See
Reed, 811 S.W.2d at 587 (citing Tex.
R. Evid. 901(a)); see also Hull, 172 S.W.3d at 189–90 (declining
to decide whether the Hunt County Clerk’s Office is a public office because evidence
that the records admitted at trial were relied upon by the clerk’s office
constituted extrinsic evidence the records were what the proponent claimed).  

State’s Exhibit 23 consists of (1) a partial
certification and signature of the Harris County District Clerk, (2) a partial
seal of the State of Texas, (3) a stamp showing the document was filed in the
Harris County District Clerk’s office, (4) the signature of the Deputy Clerk of
the Eighth Court of Appeals, and (5) the sworn affidavit of an Administrative
Assistant to the TDCJID’s State Classification Committee stating the document
is a correct representation of the mandate on file with the TDCJID.  The
mandate also identifies appellant, the trial court that entered judgment on
remand, and the cause number for appellant’s aggravated robbery conviction.  We
conclude that this is sufficient evidence from which a reasonable juror could
find State’s Exhibit 23 had been properly authenticated or identified.  See
Tex. R. Evid. 901; Druery,
225 S.W.3d at 502.  Because State’s Exhibit 23 was admissible under rule 901, the
trial court did not abuse its discretion by admitting it into evidence.  See
Winegarner, 235 S.W.3d at 790; Kacz, 287 S.W.3d at 501–02; Johnson,
263 S.W.3d at 419.  Because we conclude State’s Exhibit 23 was properly
authenticated under rule 901, we need not discuss appellant’s argument that it
was not properly authenticated under rules 902, 1003, and 1005.  See Reed,
811 S.W.2d at 586; Hull, 172 S.W.3d at 190.  We overrule appellant’s
first issue.[4] 


Variance Between Indictment and
Proof at Trial

In his sixth issue, appellant contends there is a
material and fatal variance between the final conviction date for appellant’s
prior aggravated robbery conviction as proven at trial (August 8, 1990) and as
alleged in the indictment and jury charge (October 5, 1987).  At trial,
appellant presented a motion for instructed verdict that the jury find both
enhancement allegations “not true” based on this variance and objected to the
inclusion of the 1987 conviction date in the jury instruction.  The trial court
overruled appellant’s motion and objection.  Appellant contends the trial
court’s denial of his motion for instructed verdict requires a reversal of his
life sentence.  

            We view a
challenge to a trial court’s denial of a motion for instructed verdict as a
challenge to the legal sufficiency of the evidence.  See Williams v. State,
937 S.W.2d 479, 482 (Tex. Crim. App. 1996); Johnson v. State, 271 S.W.3d
756, 757–58 (Tex. App.—Waco 2008, pet. ref’d); Mapes v. State, 187
S.W.3d 655, 658 (Tex. App.—Houston [14th Dist.] 2006, pet. ref’d). When
reviewing a claim of legal insufficiency based on a variance between the
indictment and the evidence, we first consider the materiality of the
variance.  See Fuller v. State, 73 S.W.3d 250, 253 (Tex. Crim. App.
2002); Rogers v. State, 200 S.W.3d 233, 236 (Tex. App.—Houston [14th
Dist.] 2006, pet. ref’d).  A variance will be considered fatal and render the
evidence insufficient only if it is material and operated to the defendant’s
surprise or prejudiced his rights.  See Chavis v. State, 177 S.W.3d 308,
311–12 (Tex. App.—Houston [1st Dist.] 2005, pet. ref’d).  A variance is
material if it deprived the defendant of sufficient notice of the charges
against him so that he could not prepare an adequate defense.  Rogers,
200 S.W.3d at 236.[5] 
The defendant bears the burden of demonstrating the materiality of a variance. 
See id. at 237.  

            There was a
variance in this case because the indictment and jury charge alleged that
appellant was finally convicted in cause number 462089 for aggravated robbery
in 1987, while the evidence showed his conviction became final in 1990.  Appellant
contends he was surprised and prejudiced by this variance because he was not
put on notice that he needed to defend himself against a 1990 conviction.  We
disagree.  The State need not allege enhancement convictions with the same
particularity required for charging the primary offense.  See Freda v. State,
704 S.W.2d 41, 42 (Tex. Crim. App. 1986); Chavis, 177 S.W.3d at 312.  An
accused is entitled to a description of the prior judgment that will enable him
to find the record and make preparation for trial of the question whether he is
the convict named therein.  Villescas v. State, 189 S.W.3d 290, 293
(Tex. Crim. App. 2006); Chavis, 177 S.W.3d at 312.  Typically, enhancement
allegations should reference the convicting court, the time of the conviction,
and the nature of the offense.  See Hollins v. State, 571 S.W.2d 873,
876 (Tex. Crim. App. 1978); Chavis, 177 S.W.3d at 312.  However,
variances between an indictment and the proof regarding convicting courts,
conviction dates, and cause numbers have been held not to be material.  See,
e.g., Freda, 704 S.W.2d at 42–43 (finding variance between name
of prior offense alleged and proved was not material variance when prior
offense’s commission date, cause number, convicting court, location of
convicting court, and classification as a felony were the same in indictment
and proof); Simmons v. State, 288 S.W.3d 72, 80 (Tex. App.—Houston [1st
Dist.] 2009, pet. ref’d) (“A variance in dates of conviction is not fatal when
there is no surprise or prejudice to the defendant.”).  

            In this case, the
indictment informed appellant that the State would use, for enhancement
purposes, appellant’s prior conviction for felony aggravated robbery in cause
number 462089, tried in the 178th District Court of Harris County, Texas. 
Although the indictment stated an incorrect conviction date, appellant could
have easily found evidence of this conviction using the information provided.  Additionally,
appellant’s introduction of evidence showing the 1987 conviction was not final
shows he was not surprised by the incorrect final conviction date.  For these
reasons, we conclude the variance in this case did not operate to appellant’s
surprise or prejudice appellant’s rights and is, therefore, not material.  See
Simmons, 288 S.W.3d at 80; Rogers, 200 S.W.3d at 236.  

            Because the
variance in this case is not material, we need not conduct a further
sufficiency analysis.  See Gollihar v. State, 46 S.W.3d 243, 258 (Tex.
Crim. App. 2001) (declining to conduct sufficiency analysis after holding
variance between indictment and proof was immaterial); Rogers, 200
S.W.3d at 237 (same).  We overrule appellant’s sixth issue.  

Conclusion

            After reviewing
the record and the arguments, we conclude that (1) the evidence is legally and
factually sufficient to support appellant’s conviction for the charged offense,
(2) the trial court did not err by failing to provide a no-adverse-inference limiting
instruction following Duran’s invocation of the Fifth Amendment, (3) the trial
court did not err in admitting State’s Exhibit 23 into evidence, and (4) the
variance between the date appellant’s prior felony aggravated robbery
conviction became final as alleged in the indictment and as proven at trial is
immaterial.  

We affirm the judgment of the trial court.  

                                                                        

                                                                        /s/        Leslie
B. Yates

                                                                                    Justice








                                                                                                                                    

Panel consists of Justices Yates,
Seymore, and Brown.

Do
Not Publish — Tex. R. App. P. 47.2(b).

 

 

 









[1]
According to the testimony at trial, inmates housed in administrative
segregation are confined in single-person cells for twenty-three hours per day
and are not allowed to leave their cells unless strip-searched, handcuffed, and
escorted by two correctional officers.  Inmates on container restriction are
prohibited from keeping any containers in their cells.  Inmates are typically
placed on container restriction for using containers to assault another
person.  





[2]
This appeal was transferred to this court from the Tenth Court of Appeals.  In
cases transferred from one court of appeals to another, the transferee court
must decide the case in accord with the precedent of the transferor court if
the transferee court’s decision would have been inconsistent with the precedent
of the transferor court.  See Tex.
R. App. P. 41.3. 





[3]
Cf. Hudnall v. State, No. 01-07-00858-CR, 2008 WL 2985435, at *9–10
(Tex. App.—Houston [1st Dist.] July 31, 2008, pet. ref’d) (mem. op., not
designated for publication) (finding appellant’s substantial rights were
affected where trial court failed to give limiting instruction after
co-defendant repeatedly invoked his Fifth Amendment rights and refused to
testify concerning his involvement in an aggravated kidnapping because
co-defendant’s refusal to testify left the jury with the “indelible impression”
that appellant participated in the offense); Torres v. State, 137 S.W.3d
191, 197–99 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (reversing
appellant’s conviction for trial court’s failure to include a
no-adverse-inference jury instruction and stating that a co-defendant’s
invocation of the Fifth Amendment could be used to incriminate appellant, who
was charged as a party to possession with intent to deliver cocaine with the
co-defendant).  





[4]
Appellant contends in his second issue that the evidence is legally
insufficient to support punishing appellant as a habitual or repeat offender
because the State failed to prove the finality of the convictions alleged in
the enhancement paragraphs in the proper sequence.  See Tex. Penal Code Ann. § 12.42(d)
(Vernon Supp. 2009).  Appellant’s argument is predicated on his contention that
State’s Exhibit 23 was inadmissible at trial; appellant presents no legal
argument or factual analysis unrelated to the admissibility of State’s Exhibit
23.  Because we have determined that State’s Exhibit 23 is admissible, we need
not address appellant’s second issue.  Further, we note that we consider all of
the evidence in the record, whether admissible or inadmissible, in conducting a
legal sufficiency review.  Powell v. State, 194 S.W.3d 503, 507 (Tex. Crim.
App. 2006).  





[5]
A variance is also material if it would subject the accused to being prosecuted
twice for the same offense.  See Rogers, 200 S.W.3d at 236.  This rule
does not apply in this case because appellant could not be retried for the
primary offense.  See id.; see also Jordan v. State, 256 S.W.3d
286, 292 (Tex. Crim. App. 2008) (holding the Double Jeopardy Clause does not
bar the use of an improperly proved enhancement conviction during a retrial on
punishment).