Jimmy HULL, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 05–04–01584–CR, 05–04–01585–CR, 05–04–01689–CR.

Court of Appeals of Texas, Dallas.

Aug. 16, 2005.

Rehearing Overruled Sept. 30, 2005.

---

William T. (Bill) Hill, Jr., Larissa Roeder, Asst. Criminal District Atty., Dallas, TX, for State.

Before MORRIS, LANG, and MAZZANT.

## OPINION

Opinion by Justice LANG.

Jimmy Hull was indicted for the following offenses, which were alleged to have occurred on three different days: the first degree felony offense of aggravated robbery of Joanne Crawford on April 14, 2003,[1] and the second degree felony offenses of robbery of Josephine McNally on April 4, 2003 [2] and of Lou Harbert on April 11, 2003.[3] These cases were consolidated for trial. Appellant entered non-negotiated pleas of no contest to each charge. The trial court heard evidence as to punishment and sentenced appellant to concurrent sentences of twenty years' confinement and a $5,000 fine in the aggravated robbery case, and twelve years' confinement and a $2,500 fine in each of the robbery cases. In one issue, appellant contends that the judgments in two earlier juvenile cases were not properly certified and should not have been admitted. We affirm.

## I. FACTUAL CONTEXT

At the punishment hearing, the State asked appellant whether he had a juvenile record. Appellant objected "to going into anything other than a final a[d]judication." Appellant stated, "It's improper impeachment, Your Honor, to try to impeach this

Catherine Bernhard, Red Oak, TX, for Appellant.

1. Trial court cause number F03–40667–WP; appellate court cause number 05–04–01584–CR.

2. Trial court cause number F03–40706–WP; appellate court cause number 05–04–01585–CR.

3. Trial court cause number F03–40718–WP; appellate court cause number 05–04–01689–CR.

witness with anything like that but with the final a[d]judication of juvenile determination." The trial court sustained the objection.

The State then offered two exhibits. Exhibit No. 2 consisted of copies of (i) an April 1998 order of adjudication for a 1997 burglary offense, (ii) an April 1998 original order granting probation for that offense, and (iii) a November 2000 original order granting probation for offenses in 2000.[4] Exhibit No. 3 consisted of copies of (i) a November 2000 order of adjudication for a series of offenses from May to September 2000, including aggravated assault and other offenses, and (ii) a December 2000 "Order on Motion to Modify Revoking Probation and TYC Commitment" for the 2000 offenses. Appellant objected, "Judge, I've looked at them, and they, in my view, don't appear to be properly certified, and we would object to them on that basis." The trial court inspected the exhibits, overruled appellant's objection, and admitted them.

In his single issue on appeal, appellant contends the juvenile judgments were not properly certified and should not have been admitted because they contained no seals as required by rule of evidence 902(1), (2), and (4). Appellant does not dispute that the exhibits relate to his juvenile adjudications.

The two orders of adjudication, the April 1998 original order granting probation, and the December 2000 order on motion to modify are multi-page documents. On the last page of each document is a stamp which states as follows:

A CERTIFICATED COPY

ATTEST *4–14* 200*4*

LINDA BROOKS, COUNTY CLERK

HUNT COUNTY, TEXAS

BY *Christy* [5] *Wooten* DEPUTY

(Italics indicate handwriting.) On each preceding page is a stamp that reads:

TRUE AND CORRECT

COPY OF ORIGINAL

FILED IN HUNT

COUNTY CLERK'S OFFICE

In addition, the April 1998 original order granting probation bears the seal of the Hunt County Court and the following statement: "GIVEN UNDER MY HAND AND SEAL OF OFFICE, this the *20* day of *April, 1998.* Receipt acknowledged on day of entry thereof, one (1) certified copy of the above order." Following this statement is the signature of the Hunt County Juvenile Court Clerk. Likewise, the November 2000 order granting probation bears the seal of the Hunt County Court and the following statement: "GIVEN UNDER MY HAND AND SEAL OF OFFICE, this the *6* day of *November, 2000.* Receipt acknowledged on day of entry thereof, one (1) certified copy of the above order." It is signed by the Hunt County Juvenile Court Clerk. However, the November 2000 order granting probation does not bear the Hunt County Clerk's

---

4. The November 2000 original order granting probation clearly relates to the offenses that were the subject of the order of adjudication and order granting probation in Exhibit No. 3, and was apparently mistakenly offered as part of Exhibit No. 2, as acknowledged by appellant and the State in their briefs.

5. The handwriting is such that it is difficult to read the deputy's first name, but this appears to be her first name.

April 14, 2004 "certified copy" stamp, as do the other documents.

## II. STANDARD OF REVIEW

■ We review a trial court's ruling to admit evidence under an abuse of discretion standard. *Angleton v. State,* 971 S.W.2d 65, 67 (Tex.Crim.App.1998). We reverse only when the trial court's decision was so clearly wrong as to lie outside the zone of reasonable disagreement. *Willover v. State,* 70 S.W.3d 841, 845 (Tex. Crim.App.2002). We uphold the trial court's ruling if it was correct on any theory reasonably supported by the evidence and applicable to the case. *Id.*

## III. APPLICABLE LAW

■ A document may be properly authenticated under either rule of evidence 901 or 902, and need not be authenticated under both. *Reed v. State,* 811 S.W.2d 582, 586 (Tex.Crim.App.1991). Rule 901(a) provides, "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Tex.R. Evid. 901(a). This provision does not limit the type of extrinsic evidence which may be used. *Reed,* 811 S.W.2d at 586. Rule 901(b) then provides illustrations of the type of extrinsic evidence which would satisfy the requirement of authentication. Tex.R. Evid. 901(b); *Reed,* 811 S.W.2d at 586. Example (7) specifically addresses "[p]ublic records or reports," and provides that authentication is established by "[e]vidence that a writing authorized by law to be recorded or filed and in fact recorded or filed in a public office, or a purported public record, report, statement, or data compilation, in any form, is from the public office where items of this nature are kept." Tex.R. Evid. 901(b)(7). Thus, one means of authenticating a public record under 901 is

showing that the document is from a public office authorized to keep such a record. *Reed,* 811 S.W.2d at 587.

■ Rule of evidence 902 provides for self-authentication of domestic public documents under seal. Tex.R. Evid. 902(1). Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to these documents. Instead, "[a] document bearing a seal purporting to be that of ... any State, ... or of a ... department, officer, or agency thereof, and a signature purporting to be an attestation or execution" is self-authenticating. *Id.*

## IV. ANALYSIS AND CONCLUSION

Here, the April 14, 2004 certification on the two orders of adjudication, the April 1998 original order granting probation, and the December 2000 order on motion to modify shows these documents are from the Hunt County clerk's office. Because the documents are from the Hunt County Juvenile Court, it seems clear that the Hunt County clerk's office is authorized to keep them. *See Reed,* 811 S.W.2d at 587 (noting that "it seems clear" that the TDCJID was authorized to keep records of judgment and sentence in the "pen packet" for a prisoner is custody). Pursuant to *Reed,* we need not decide whether the Hunt County clerk's office is a public office because the fact that the documents are correct copies of those upon which the clerk's office relies in accounting for a juvenile's record "constitutes extrinsic evidence that the records are what the proponent claims them to be." *See id.* (citing rule of evidence 901(a)); *see also United States v. Jimenez Lopez,* 873 F.2d 769, 770–71 (5th Cir.1989) (conclusive proof of authenticity not required for admission; testimony of chain of custody of photocopy combined with "internal indicia of reliability within the document" justified admis-

sion pursuant to federal rule of evidence 901). Moreover, rule 901(b)(7) does not require seals. *See* Tex.R. Evid. 901(b)(7); *see also Tex. Dep't of Pub. Safety v. Guajardo,* 970 S.W.2d 602, 608–09 (Tex.App.-Houston [14th Dist.] 1998, no pet.) (holding certified copy of DPS document met requirements of rule 901); *Redd v. State,* 768 S.W.2d 439, 440 (Tex.App.-Houston [1st Dist.] 1989, pet. ref'd) (holding certified copy of pen packet met requirement of rule 901). We conclude these documents were sufficiently authenticated in accordance with rule 901(b)(7). *See Reed,* 811 S.W.2d at 587. Therefore, we need not consider appellant's argument that they are not properly certified pursuant to rule 902. *See id.* at 586.

The November 2000 original order granting probation does not contain the April 14, 2004 certification. However, it is properly self-authenticated pursuant to rule of evidence 902(1) because it contains the seal of the Hunt County Court and the signature of the Hunt County Juvenile Court Clerk. *See* Tex.R. Evid. 902(1).

We resolve appellant's single issue against him and affirm the trial court's judgments.