**Richard Michael HAAS, Jr., Appellant**

**v.**

**The STATE of Texas, Appellee**

NO. 14–15–00445–CR

Court of Appeals of Texas, Houston (14th Dist.).

Opinion filed March 24, 2016

Charles David Thompson, Houston, TX, for Appellant.

Eric Kugler, Houston, TX, for State.

Panel consists of Chief Justice Frost and Justices Boyce and Wise.

## OPINION

William J. Boyce, Justice

Appellant was indicted for driving while intoxicated (DWI). The indictment included an enhancement paragraph alleging a prior DWI conviction. The indictment was subsequently amended to include an allegation that at or near the time of the offense an analysis of appellant's blood showed an alcohol concentration level of at least 0.15. A jury found appellant guilty and the trial court, finding the enhancement paragraph true, assessed punishment at one year's confinement in the Harris County Jail, probated for two years. In a single issue on appeal appellant argues the trial court abused its discretion in admitting three documents used to prove the enhancement paragraph at the punishment phase of trial. We affirm.

## BACKGROUND

During the punishment phase of appellant's trial, the State offered the following documents as evidence of appellant's prior conviction:

- State's Exhibit 11: Judgment of prior conviction for DWI in cause number 1283640 showing appellant as the defendant;
- State's Exhibit 12: Order removing ignition interlock restriction in cause number 1283640, listing appellant's name, date of birth, and Texas driver's license number; and
- State's Exhibit 13: Bail bond in the instant case listing appellant's name, birthdate, and Texas driver's license number, which matched the name, birthdate, and Texas driver's license number in State's Exhibit 12.

Appellant objected to the three documents, arguing that they were copies of certified documents, not the originals, and were not self-authenticating.

Appellant emphasized the documents were computer-generated copies. The State did not designate a fingerprint expert; appellant objected that the State could not connect the prior conviction to him without testimony from a fingerprint expert. The State argued that, considered together, the three documents link appellant to the prior conviction through his name, birthdate, and driver's license number. The trial court initially sustained appellant's objection but suspended its ruling to permit the State time to research whether the documents were sufficiently authenticated under the Texas Rules of Evidence.

After a brief recess the State presented argument that the documents were certified by the clerk even though they were computer-generated. The documents each bear a certified document number, which is repeated on each page of the documents. This certified document number corresponds to the number contained underneath the clerk's seal on the last page of each document. The last page of each document contains a stamp, which states as follows:

I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date. Witness my official hand and seal of office this   April 20, 2015

Certified Document Number:        12064581 Total Pages: 6

*Chris Daniel*

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

After receiving the information about the certified document numbers, the trial court overruled appellant's objection, finding the documents were properly authenticated under the Texas Rules of Evidence and admitted the documents into evidence.

The trial court subsequently found the enhancement paragraph true and sentenced appellant as a second offender to one year in the Harris County Jail, probated for two years.

1.   The State argues any error in the admission of the documents is harmless because the jury had already found appellant guilty of a class A misdemeanor based on its finding that appellant was driving with a blood-alcohol concentration above 0.15. Because the prior conviction also enhances the level of offense to a class A misdemeanor, the State argues that even if it did not prove the enhanced offense

### ANALYSIS

In a single issue appellant argues the State's exhibits admitted during the punishment hearing were not self-authenticating and not properly considered as evidence linking appellant to the prior conviction in the enhancement paragraph.[1]

To establish that a defendant has been convicted of a prior offense, the State must prove beyond a reasonable doubt that (1) a prior conviction exists, and (2) the defendant is linked to that conviction.

appellant has not been harmed. We do not address the State's harm analysis argument because the Court of Criminal Appeals has held that the State's failure to meet its evidentiary burden with respect to habitual-offender enhancement is not subject to a harm analysis. *Jordan v. State,* 256 S.W.3d 286, 291–92 (Tex.Crim.App.2008).

*Banks v. State,* 158 S.W.3d 649, 651–52 (Tex.App.–Houston [14th Dist.] 2005, pet. ref'd). No specific document or mode of proof is required to prove these two elements. *Flowers v. State,* 220 S.W.3d 919, 922 (Tex.Crim.App.2007). While evidence of a certified copy of a final judgment and sentence may be a preferred and convenient means, the State may prove a prior conviction in a number of different ways, including documentary proof that contains sufficient information to establish both the existence of a prior conviction and the defendant's identity as the person convicted. *See Doby v. State,* 454 S.W.2d 411, 413–14 (Tex.Crim.App.1970).

Article 37.07 of the Code of Criminal Procedure permits proof of a defendant's "prior criminal record," but it does not require the production of a certified judgment to prove that prior criminal record. *See Flowers,* 220 S.W.3d at 922. "Further, in this modern era of computer-stored data, electronic files, and 'paperless' court records, the day may come in which written judgments are largely obsolete." *Id.*

■ For this reason, Texas Rule of Evidence 902 explicitly allows for the self-authentication of certified copies of public records, "including data compilations in any form certified as correct" by their custodian. Tex.R. Evid. 902(4). A computer-generated compilation of information setting out the specifics of a criminal conviction that is certified as correct by the county or district clerk of the court in which the conviction was obtained is admissible under Rule 902. *Flowers,* 220 S.W.3d at 922–23.

## I. Admissibility of the State's Exhibits

■ Appellant initially objected to the documents because they were not original certified copies and were not authenticated. The trial court determined the docu-ments were admissible under Texas Rule of Evidence 902.

■ We review a trial court's ruling admitting evidence for an abuse of discretion. *Ramos v. State,* 245 S.W.3d 410, 418 (Tex.Crim.App.2008). The trial court's ruling will be upheld as long as it falls within the zone of reasonable disagreement and is correct under any theory of law applicable to the case. *Id.*; *Weatherred v. State,* 15 S.W.3d 540, 542 (Tex. Crim.App.2000). An appellate court must review the trial court's ruling in light of what was before the trial court at the time the ruling was made. *Dragoo v. State,* 96 S.W.3d 308, 313 (Tex.Crim.App.2003).

■ A document may be authenticated under either Texas Rule of Evidence 901 or 902 and need not be authenticated under both. *See Reed v. State,* 811 S.W.2d 582, 586 (Tex.Crim.App.1991); *Hull v. State,* 172 S.W.3d 186, 189 (Tex.App.–Dallas 2005, pet. ref'd). The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Tex.R. Evid. 901(a); *see also Druery v. State,* 225 S.W.3d 491, 502 (Tex.Crim.App.2007). Public records or reports may be authenticated by "[e]vidence that a writing authorized by law to be recorded or filed and in fact recorded or filed in a public office, or a purported public record, report, statement, or data compilation, in any form, is from the public office where items of this nature are kept." Tex.R. Evid. 901(b)(7). Thus, a public record may be authenticated by "showing that the document is from a public office authorized to keep such a record." *Hull,* 172 S.W.3d at 189.

In this case, the certified document number on each page of each document coupled with the seal contained on the last page of each document satisfy Rule 901.

See *Flowers*, 220 S.W.3d at 922–23 (computer-generated compilation of information setting out the specifics of a criminal conviction that is certified as correct by the county or district clerk of the court in which the conviction was obtained is admissible under Rule 902); *see also United States v. Jimenez Lopez*, 873 F.2d 769, 770–71 (5th Cir.1989) (conclusive proof of authenticity not required for admission; testimony of chain of custody of photocopy combined with "internal indicia of reliability within the document" justified admission pursuant to Federal Rule of Evidence 901). Moreover, Rule 901(b)(7) does not require original seals. *See* Tex.R. Evid. 901(b)(7); *see also Tex. Dep't of Pub. Safety v. Guajardo*, 970 S.W.2d 602, 608–09 (Tex.App.–Houston [14th Dist.] 1998, no pet.) (holding certified copy of Department of Public Safety document met requirements of Rule 901); *Redd v. State*, 768 S.W.2d 439, 440 (Tex.App.–Houston [1st Dist.] 1989, pet. ref'd) (holding certified copy of "pen packet" met requirement of Rule 901). We conclude these documents were sufficiently authenticated in accordance with the Texas Rules of Evidence. *See Reed*, 811 S.W.2d at 587.

## II. Sufficiency of the Evidence to Link Appellant to State's Exhibits

Appellant further claims that State's Exhibits 11, 12, and 13 do not sufficiently link appellant to the prior DWI alleged in the enhancement paragraph. The State may use circumstantial evidence to prove the defendant is the same person named in the alleged prior convictions. *Orsag v. State*, 312 S.W.3d 105, 115 (Tex. App.–Houston [14th Dist.] 2010, pet. ref'd). The fact finder looks at the totality of the evidence to determine whether the State proved the prior conviction beyond a reasonable doubt. *Id.* The Court of Criminal Appeals has stated:

[O]rdinarily the proof that is adduced to establish that the defendant on trial is one and the same person that is named in an alleged prior criminal conviction or convictions closely resembles a jigsaw puzzle. The pieces standing alone usually have little meaning. However, when the pieces are fitted together, they usually form the picture of the person who committed that alleged prior conviction or convictions.

*Human v. State*, 749 S.W.2d 832, 835–36 (Tex.Crim.App.1988).

The *Human* court went on to explain that "[r]egardless of the type of evidentiary puzzle pieces the State offers to establish the existence of a prior conviction and its link to a specific defendant, the trier of fact determines if these pieces fit together sufficiently to complete the puzzle" based on the totality of the evidence admitted. *Id.*

The puzzle pieces before the trial court in this case include: (1) a judgment of a prior conviction in cause number 1283640 listing Richard Haas as the defendant; (2) an order removing ignition interlock restriction in the prior conviction listing Richard M. Haas, Jr. as the defendant, the defendant's birthdate, and his Texas driver's license number; and (3) a bail bond in this case listing Richard Michael Haas, Jr. as the defendant, and listing the same birthdate and driver's license number that were listed on the order removing ignition interlock in the prior conviction.

Therefore, we hold that on these facts the means used were sufficient under the totality of the evidence admitted to show that appellant was the person convicted in the prior DWI. *See Flowers*, 220 S.W.3d at 922–23. We overrule appellant's sole issue on appeal.

## CONCLUSION

We affirm the trial court's judgment.