

# IN THE
# TENTH COURT OF APPEALS

### No. 10-18-00367-CR

STEPHENE RAY WESTBROOK,

                                                                    Appellant

 v.

THE STATE OF TEXAS,

                                                                    Appellee

From the 249th District Court
Johnson County, Texas
Trial Court No. DC-F201800406

## MEMORANDUM  OPINION

Appellant Stephene Ray Westbrook was found guilty by a jury of possession of between one and four grams of methamphetamine. The trial court found an enhancement allegation true and assessed Westbrook's punishment at fifteen years' incarceration in the Texas Department of Criminal Justice, Institutional Division. In two issues, Westbrook asserts that he received ineffective assistance of counsel and that the trial court erred in the admission of exhibits at the punishment phase. We will affirm.

*Background*

The evidence at trial reflects that Westbrook was arrested after coming to the attention of the police when the manager of a motel where Westbrook was visiting requested that Westbrook and his hostess be issued a trespass warning for failing to pay the room rental. After running Westbrook's name, the investigating officer discovered that there was an active parole warrant for Westbrook's arrest. The officer handcuffed Westbrook and found bags of marijuana and methamphetamine in Westbrook's pocket. Westbrook's companion was also arrested and was in possession of additional amounts of methamphetamine.

At trial, Westbrook did not dispute that he was in possession of methamphetamine but argued that the amount he actually possessed was less than one gram. The only support for Westbrook's defense was his own testimony. The jury was instructed on the lesser-included-offense of possession of less than one gram of methamphetamine. By their verdict, the jury did not find Westbrook's testimony that he possessed less than one gram of methamphetamine credible.

The indictment against Westbrook contained an enhancement allegation that alleged a prior felony drug conviction. At the punishment phase, the State offered evidence of that conviction as well as Westbrook's other convictions. The State additionally presented the testimony of an investigator who took Westbrook's fingerprints the day trial started. The investigator testified that the fingerprints he had taken matched the fingerprints attached to State's Exhibit 10 (the penitentiary packet that included Westbrook's three prior felony drug convictions) and State's Exhibit 13 (the

penitentiary packet for a state-jail felony evading arrest conviction). The investigator was unable to match Westbrook's fingerprints to those on two other certified judgments—State's Exhibits 14 and 15. Exhibits 14 and 15 are the judgments from Westbrook's state-jail convictions for possession of a forged check and evading arrest or detention with a prior conviction. The investigator testified that Westbrook was the person named in Exhibits 14 and 15 due to his distinctive name and due to the identical state identification number on Exhibits 10, 14, and 15.

*Discussion*

A.  Ineffective Assistance of Counsel.  In his first issue, Westbrook asserts that he received ineffective assistance of counsel due to his attorney's failure to request a hearing and pursue a ruling on a pre-trial motion to examine and re-test the methamphetamine recovered from Westbrook at the time of his arrest. Westbrook argues that it was imperative for counsel to request a hearing and a ruling because "the issue of the weight of the controlled substance allegedly possessed by Appellant was the central issue in the case and determined the punishment range of the offense." While Westbrook filed a motion for new trial, he did not raise ineffective assistance of counsel in his motion.

To prevail on an ineffective assistance of counsel claim, the familiar *Strickland* test must be met. *Wiggins v. Smith*, 539 U.S. 510, 521, 123 S.Ct. 2527, 2535, 156 L.Ed.2d 471 (2003) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984)); *Andrews v. State*, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005) (same). Under *Strickland*, the appellant must prove by a preponderance of the evidence that:  (1) counsel's performance was deficient; and (2) the defense was prejudiced by counsel's

deficient performance. *Wiggins*, 539 U.S. at 521, 123 S.Ct. at 2535; *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064; *Andrews*, 159 S.W.3d at 101. Absent both showings, an appellate court cannot conclude that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Andrews*, 159 S.W.3d at 101.

Trial counsel should ordinarily be afforded an opportunity to explain his or her actions before being denounced as ineffective. *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003). When the record is silent regarding the reasons for counsel's conduct, a finding that counsel was ineffective requires impermissible speculation by the appellate court. *State v. Frias*, 511 S.W.3d 797, 810 (Tex. App.—El Paso 2016, pet. ref'd). Therefore, absent specific explanations for counsel's decisions, a record on direct appeal will rarely contain sufficient information to evaluate or decide an ineffective-assistance claim. *See Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). "Thus[,] an application for a writ of habeas corpus is the more appropriate vehicle to raise ineffective assistance of counsel claims." *Rylander*, 101 S.W.3d at 110. In the absence of a developed record, counsel should be found ineffective only if his or her conduct was "so outrageous that no competent attorney would have engaged in it." *Prine v. State*, 537 S.W.3d 113, 117 (Tex. Crim. App. 2017) (quoting *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)).

The record on appeal is insufficient to evaluate or decide Westbrook's ineffective assistance claim. Counsel's failure to obtain either a hearing or a ruling on a pre-trial motion is not categorically deemed ineffective assistance. *See Hudson v. State*, 128 S.W.3d 367, 381 (Tex. App.—Texarkana 2004, no pet.); *Mares v. State*, 52 S.W.3d 886, 891 (Tex. App.—San Antonio 2001, pet. ref'd); *Willis v. State*, 867 S.W.2d 852, 857 (Tex. App.—

Houston [14th Dist.] 1993, pet. ref'd). Counsel could well have elected not to pursue re-weighing the methamphetamine as a viable strategy.

The weight of the methamphetamine taken from Westbrook's pocket was 2.26 grams, as established through the testimony of the forensic chemist who analyzed the drugs submitted by the investigating officer and the forensic chemist's report. Counsel could well have concluded that re-weighing the methamphetamine would yield the same result, bolstering the State's case and compromising Westbrook's defense. Such a strategy is not "so outrageous that no competent attorney would have engaged in it." *Prine*, 537 S.W.3d at 117. We overrule Westbrook's first issue.

B. Evidentiary Rulings. In his second issue, Westbrook asserts the trial court erred in overruling his objection to two of the State's exhibits related to his criminal record. Specifically, Westbrook contends that the judgments in Exhibits Number 14 and 15 "could not be linked to defendant by his fingerprints and were inadmissible because they constituted extraneous offenses and were not proven by the state beyond a reasonable doubt."

As noted, Exhibits 14 and 15 are certified copies of judgments from two of Westbrook's prior convictions, neither of which is the enhancement offense charged in the indictment. Westbrook was identified as the defendant in Exhibits 14 and 15 by the investigator who compared Westbrook's personal information to that contained in Exhibit 10. Exhibit 10 also included photographs of Westbrook.

In imposing sentence, the trial court noted:

The Court has considered the evidence admitted in the guilt-or-innocence phase of the trial, as well as the punishment phase of the trial. Considering the Defendant's prior criminal record, as well as the facts of this case, the Court will sentence the Defendant Stephene Ray Westbrook to serve a sentence of 15 years in the Institutional Division of the Texas Department of Criminal Justice and will give him credit for having served 223 days in jail.

We review the trial court's ruling on the admission of evidence for an abuse of discretion. *Gonzalez v. State*, 544 S.W.3d 363, 370 (Tex. Crim. App. 2018). "Under this standard, the trial court's decision to admit or exclude evidence will be upheld as long as it was within the 'zone of reasonable disagreement.'" *Beham v. State*, 559 S.W.3d 474, 478 (Tex. Crim. App. 2018) (citing *McGee v. State*, 233 S.W.3d 315, 318 (Tex. Crim. App. 2007)).

After a defendant has been found guilty, the Code of Criminal Procedure provides that evidence may be offered by either party as to any matter that the court deems relevant to sentencing. TEX. CODE CRIM. PROC. ANN. art. 37.07, §3(a)(1); *see also Bluitt v. State*, 137 S.W.3d 51, 54 (Tex. Crim. App. 2004). Article 37.07 specifically permits the state to introduce a defendant's prior criminal record:

> [E]vidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, the circumstances of the offense for which he is being tried, and, notwithstanding Rules 404 and 405, Texas Rules of Evidence, any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act.

TEX. CODE CRIM. PROC. ANN. art. 37.07, §3(a)(1). When proving up a defendant's criminal record, the state must show beyond a reasonable doubt that an earlier conviction exists

and that the defendant is linked to that conviction. *Haas v. State*, 494 S.W.3d 819, 822-23 (Tex. App.—Houston [14th Dist.] 2016, no pet.). No specific document or mode of proof is required to prove these elements. *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007).

Certified copies of a judgment and sentence are sufficient to establish a defendant's previous conviction so long as the state provides independent evidence linking the documents to the defendant on trial. *Beck v. State*, 719 S.W.2d 205, 209 (Tex. Crim. App. 1986). As the Texas Court of Criminal Appeals has explained, the proof that is adduced to establish this connection resembles a jigsaw puzzle—the trier of fact fits the pieces together, weighs the credibility of each piece, and determines if the pieces fit together sufficiently to complete the puzzle. *Flowers*, 220 S.W.3d at 923. "Just as there is more than one way to skin a cat, there is more than one way to prove a prior conviction." *Id.* at 922.

Exhibits 14 and 15 are certified copies of the judgments and were properly admitted under Rule 902. TEX. R. EVID. 902. The State sufficiently linked Westbrook to the convictions in Exhibits 14 and 15. The investigator's testimony and a review of the records reflects that Westbrook's name, which has a distinctive spelling (Stephene) and Westbrook's state identification number is on State's Exhibit 10 as well as on Exhibits 14 and 15. Additionally, Exhibit 10 included Westbrook's photograph, which the trial court could compare to the defendant on trial. The trial court did not abuse its discretion in admitting Exhibits 14 and 15 and in using those convictions to calculate Westbrook's sentence. We overrule Westbrook's second issue.

*Conclusion*

Having overruled both of Westbrook's issues, we affirm the judgment of the trial court.


MATT JOHNSON
Justice


Before Chief Justice Gray,
      Justice Neill, and
      Justice Johnson
Affirmed
Opinion delivered and filed May 26, 2021
Do not publish
[CR25]

