

# NUMBERS 13-23-00577-CR, 13-23-00578-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

| | |
|---|---|
| **JACK ALFRED SIVERAND,** | **Appellant,** |
| **v.** | |
| **THE STATE OF TEXAS,** | **Appellee.** |

## ON APPEAL FROM THE 36TH DISTRICT COURT
## OF ARANSAS COUNTY, TEXAS.

## MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Silva**
**Memorandum Opinion by Justice Longoria**

Appellant Jack Alfred Siverand was charged by two separate indictments[1] for

committing two separate acts of failure to comply with registration requirements of the

---

[1] Appellate cause number 13-23-00577-CR corresponds to trial court cause number A-23-5040-CR and appellate cause number 13-22-00578-CR corresponds to trial court cause number A-23-5041-CR.

Texas Sex Offender Registration Program (TSORP)[2], a third-degree felony. *See* TEX. CODE CRIM. PROC. ANN. art. 62.102(b)(2). Both indictments contained an enhancement paragraph alleging that Siverand had previously committed an offense under Article 62.102. *See id*. art. 62.102(c) (authorizing the enhancement of the applicable punishment range to the next highest felony). Siverand stood trial simultaneously on both indictments. The trial court found Siverand guilty of each offense, found each enhancement paragraph "not true," and sentenced him to ten years' imprisonment for each offense, to run concurrently. By one issue, Siverand claims the trial court abused its discretion when it admitted certain evidence during trial. We affirm.

## I.    BACKGROUND

The indictments alleged that Siverand failed to comply with TSORP requirements in 2020 and 2022. Each charge contained an enhancement paragraph alleging that Siverand had been previously convicted in 2014 for failure to comply with TSORP requirements.

A bench trial was conducted on November 15, 2023, on the two offenses. The evidence presented at trial revealed that Siverand had a "reportable conviction" for indecency with a child, and therefore had a lifetime duty to register as a sex offender. *See id.* art. 62.001(5)(A) (defining "[r]eportable conviction or adjudication" to include a conviction for indecency with a child), 62.001(6)(A) (defining "[s]exually violent offense" to include indecency with a child), 62.101(a)(1) (providing that a person with a reportable conviction or adjudication for a sexually violent offense has a lifetime duty to register as

---

[2] *See* TEX. CODE CRIM. PROC. ANN. arts. 62.001–.408

2

a sex offender); TEX. PENAL CODE ANN. § 21.11. The judgment of conviction was rendered in 2000 and admitted into evidence. As a result of his "reportable conviction," Siverand was required to report once a year within thirty days before or after his birthday to verify the information in the registration form maintained by his primary registration authority. *See* TEX. CODE CRIM. PROC. ANN. arts. 62.058(a), 62.102 (providing that failure to comply with any of the registration requirements set out in chapter 62 is a felony offense). The evidence also indicated that Siverand's date of birth was October 20, 1953—thus, Siverand was required to complete his annual report between September 20 and November 19 of each year. *See id.* art. 62.058(a).

The State presented two witnesses: Special Agent David Poland of the Texas Department of Public Safety (DPS) and Deputy Matthew Downen of the Aransas County Sheriff's Office (ACSO). Both witnesses testified that, among other things, Siverand failed to complete his annual sex offender registration form in 2020 and 2022 with Deputy Downen, his primary sex offender registration authority. The State offered five DPS forms related to the TSORP, all of which were admitted into evidence: (1) State's Exhibit 1 was a "CR-32" form entitled "Pre-Release Notification Form" that was signed by Siverand on November 18, 2013; (2) State's Exhibit 2 was a revised "CR-32" form signed by Siverand on January 19, 2017; (3) State's Exhibit 3 was a "CR-35" form entitled "Registration Form" that was signed by Siverand on January 19, 2017; (4) State's Exhibit 4 was a "CR-39" form entitled "Sex[]Offender[]Update[]Form" that was signed by Siverand on July 22, 2020; and (5) State's Exhibit 5 was a revised "CR-32" form that was signed by Siverand on July 22, 2020. In addition, State's Exhibit 7, which was an affidavit by Deputy Downen,

was admitted as evidence. Special Agent Poland testified that Siverand had previously been convicted in 2011 for failure to comply with sex offender registration requirements by failing to complete his annual report.

After Special Agent Poland and Deputy Downen completed their testimony, the State orally moved to amend the indictment. The indictments' enhancement paragraph asserted that Siverand's previous conviction was rendered in October 2014. The State requested that the enhancement paragraph be amended to reflect that Siverand's previous conviction was rendered in October 2011. Siverand objected to the amendment, the trial court sustained the objection, and the State rested.

Siverand testified in his own defense. During this testimony, Siverand admitted that he understood that he was required to complete his annual sex offender registration within thirty days before or after his birthday, and that he had a previous conviction for failing to comply with his annual sex offender registration requirement in 2011. When asked what prevented him from registering in 2020, Siverand stated that he was under the mistaken impression that he had "six months before [he] could go and redo [his] registration" because he heard on television that "everybody" was given six months to renew their driver's license or ID due to COVID. Siverand admitted that he received no notification from the sheriff's office about a six-month delay regarding his annual sex offender registration obligation. Siverand also stated that it was his understanding that the sheriff's office and DPS office had been closed, that he thought he had more time, and that he wasn't trying to break the law. Regarding his failure to register in 2022, Siverand stated that his mother had gone into a nursing home and his brother got sick. He explained that

4

he was in the process of trying to see his mother and take his brother to an appointment and "time just got away" from him. Siverand also explained that he was incarcerated on November 5, 2022.

The trial court found Siverand guilty of each offense, found each enhancement paragraph "not true," and sentenced him to ten years' imprisonment for each offense to run concurrently. This appeal followed. The State did not file a brief. *See Siverand v. State*, 89 S.W.3d 216, 220 (Tex. App.—Corpus Christi–Edinburg 2002, no pet.) (holding that when the State fails to file a brief "[t]he appellate court must make an independent examination of the merits of the claim or error.").

## II.    ADMISSION OF EVIDENCE

In his sole issue, Siverand argues that the trial court abused its discretion in admitting State's Exhibits 1–5, and 7. According to Siverand, all the complained-of evidence lacked proper authentication under Texas Rules of Evidence 901, 902, and 1005. *See* TEX. R. EVID. 901, 902, 1005.

## A.    Standard of Review & Applicable Law

When the trial court admits evidence, we review its ruling for an abuse of discretion. *Wright v. State*, 618 S.W.3d 887, 890 (Tex. App.—Fort Worth 2021, no pet.). Under this standard, we will uphold the trial court's decision so long as it was within the zone of reasonable disagreement. *Id.* We will not disturb the trial court's ruling if it was correct under any legal theory. *Id.*

A document may be authenticated under either Texas Rule of Evidence 901 or 902 but need not be authenticated under both. *See Reed v. State*, 811 S.W.2d 582, 586

5

(Tex. Crim. App. 1991); *Hull v. State*, 172 S.W.3d 186, 189 (Tex. App.—Dallas 2005, pet. ref'd). The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence "sufficient to support a finding that the [matter in question] is what [its] proponent claims." TEX. R. EVID. 901(a); *see also Druery v. State*, 225 S.W.3d 491, 502 (Tex. Crim. App. 2007).

Rule 901(b) "does not erect a particularly high hurdle" for authentication and provides a nonexclusive list of methods for authenticating evidence. *Campbell v. State*, 382 S.W.3d 545, 549 (Tex. App.—Austin 2012, no pet.); *see also Bryant v. State*, No. 13-21-00230 CR, 2023 WL 2182423, at *13 (Tex. App.—Corpus Christi–Edinburg Feb. 23, 2023, pet. ref'd) (mem. op., not designated for publication). "Evidence may be authenticated in a number of ways, including by direct testimony from a witness with personal knowledge, by comparison with other authenticated evidence, or by circumstantial evidence." *Tienda v. State*, 358 S.W.3d 633, 638 (Tex. Crim. App. 2012). Authenticity may also be established with evidence of "distinctive characteristics and the like," which include "the appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances." *Fowler v. State*, 544 S.W.3d 844, 848 (Tex. Crim. App. 2018) (quoting TEX. R. EVID. 901(b)(4)).

Furthermore, conclusive proof of authenticity is not required. *Id.* Rule 901 "merely requires some evidence sufficient to support a finding that evidence in question is what the proponent claims." *Id.* (quoting *Reed*, 811 S.W.2d at 587); *see* TEX. R. EVID. 901. The proponent of evidence is neither required to rule out all possibilities inconsistent with authenticity nor prove beyond any doubt that the evidence is what it purports to be. *See*

6

*Campbell*, 382 S.W.3d at 548; *see also Segovia v. State*, 467 S.W.3d 545, 551 (Tex. App.—San Antonio 2015, pet. ref'd). "The trial judge does not abuse his or her discretion in admitting evidence where he or she reasonably believes that a reasonable juror could find that the evidence has been authenticated or identified." *Druery*, 225 S.W.3d at 502; *Mitchell v. State*, 419 S.W.3d 655, 659 (Tex. App.—San Antonio 2013, pet. ref'd).

Public records or reports may be authenticated by "[e]vidence that a writing authorized by law to be recorded or filed and in fact recorded or filed in a public office, or a purported public record, report, statement, or data compilation, in any form, is from the public office where items of this nature are kept." TEX. R. EVID. 901(b)(7); *Hull*, 172 S.W.3d at 189. Thus, a public record may be authenticated by "showing that the document is from a public office authorized to keep such a record." *Hull*, 172 S.W.3d at 189.

Texas Rules of Evidence 902 provides for self-authentication of domestic public documents under seal. TEX. R. EVID. 902(1). "Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to these documents." *Hull*, 172 S.W.3d at 189. "Instead, '[a] document bearing a seal purporting to be that of . . . any State, . . . or of a . . . department, officer, or agency thereof, and a signature purporting to be an attestation or execution' is self-authenticating." *Id.* (citing TEX. R. EVID. 902(1)).

In addition to the rules cited above, as to proof of the contents of a writing, apart from its authentication, Rule 1005 provides as follows:

> The proponent may use a copy to prove the content of an official record—
> or of a document that was recorded or filed in a public office as authorized
> by law—if these conditions are met: the record or document is otherwise
> admissible; and the copy is certified as correct in accordance with Rule
> 902(4) or is testified to be correct by a witness who has compared it with
> the original. If no such copy can be obtained by reasonable diligence, then

7

the proponent may use other evidence to prove the content.

TEX. R. EVID. 1005.

## B.      Discussion

### 1.      Preservation

We first address preservation. As a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion that stated the grounds for the ruling sought from the trial court with sufficient specificity to make the trial court aware of the complaint. *See* TEX. R. APP. P. 33.1. To preserve error regarding the admission of evidence, a party must object each time the inadmissible evidence is offered, obtain a running objection, or request a hearing outside the presence of the jury. *See Martinez v. State*, 98 S.W.3d 189, 193 (Tex. Crim. App. 2003); *see also* TEX. R. EVID. 103(b). Furthermore, a complaint on appeal must comport with the specific complaint that the appellant timely lodged in the trial court. *Penton v. State*, 489 S.W.3d 578, 580 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd); *see Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009). The appellant must have conveyed to the trial court the particular complaint raised on appeal, including the precise and proper application of law as well as the underlying rationale. *Penton*, 489 S.W.3d at 580.

The record demonstrates that the trial court admitted State's Exhibit 1 over Siverand's objection that the evidence lacked authenticity. Accordingly, Siverand has preserved this complaint on appeal. As to State's Exhibits 2 and 3, though Siverand objected that these exhibits were cumulative, he did not lodge any authenticity objections

and therefore has waived his complaints on appeal as to those exhibits. *See* TEX. R. APP. P. 33.1; *Penton*, 489 S.W.3d at 580. Regarding State's Exhibit 4, while Siverand initially objected to the exhibit stating that the document was not public information and that objection was sustained, the State later re-urged its admission and Siverand affirmatively stated he had no objections. Because he failed to lodge an objection to the authenticity of State's Exhibit 4, Siverand's complaint on appeal is not preserved. *See* TEX. R. APP. P. 33.1. Concerning State's Exhibits 5 and 7, Siverand affirmatively stated he had no objection to the evidence when offered by the State. Therefore, Siverand has only preserved his authentication complaint on appeal as to State's Exhibit 1.[3] *See id.*

### 2. State's Exhibit 1

As mentioned above, State's Exhibit 1 is a DPS "CR-32" form document entitled "Pre-Release Notification Form." The first page of the document contains Siverand's handwritten identifying information, including his name, address, social security number, and his "registering offense." The first and second pages of the document contain Siverand's handwritten initials next to several paragraphs containing information related to sex offender registration requirements. The second page of the exhibit contains Siverand's handwritten printed name and signature, dated November 18, 2013. Below that, the document contains the following language: "I certify that I notified the Individual described above of the duty to register as required under Chapter 62, C.C.P." This language is then followed by a fill-in-the-blank line, stating "Printed Name and Signature

---

[3] Siverand also complains in his brief that State's Exhibit 7 did not satisfy the requirements of an affidavit pursuant to Texas Rules of Evidence 803(6) or 902(10). *See* TEX. R. EVID. 803(6), 902(1). However, as demonstrated above, Siverand affirmatively stated he had no objection to State's Exhibit 7 at trial. As such, Siverand has failed to preserve this complaint. *See* TEX. R. APP. P. 33.1.

of Notifying Officer", and contains a handwritten printed name and signature of "R. Savage," dated November 18, 2013. Below that, there is another fill-in-the-blank line stating, "Name of Notifying Agency," and contains the following handwritten language: "TDCJ." Each page of the document contains a stamp with the following language "RECEIVED TEXAS DPS[,] DEC[.] 09[,] 2013[.] CRIME RECORDS SERVICE." The bottom of the second page contains the following language: "PLEASE KEEP A COPY OF THIS FORM FOR YOUR RECORDS. PLEASE PROVIDE REGISTRANT WITH A COPY OF THIS FORM. FORWARD A COPY TO THE INTENDED PRIMARY REGISTRATION AUTHORITY. FAX COMPLETED FORM TO DPS, SEX OFFENDER COMPLIANCE UNIT, at 512/424-5434[.] MAIL ORIGINAL TO: TX DPS-CRS, POB 4143, AUSTIN, TX 78765-4143."

Prior to the admission of State's Exhibit 1, Special Agent Poland testified that the exhibit was a record kept in the regular course of business by DPS, that it was the regular practice of DPS to make or transmit information into those records, that a DPS employee did so regarding the information in those records at or near the time or reasonably soon after Siverand provided the information, that said employee had actual knowledge of Siverand providing that information, and that the records were exact duplicates of the original records. Though he indicated that he did not generate the document himself, Special Agent Poland explained that State's Exhibit 1 was a "CR-32" form filled out by "TDC or any law enforcement agency" when sex offenders are released from prison and that the form provided sex offenders with their sex offender registration requirements. Special Agent Poland also stated that after the form is filled out, it is sent to "DPS Austin

10

to be entered into [a] database," that he obtained the exhibit by requesting it from a DPS analyst in Austin, Texas, and that he had "handled" such forms twenty to thirty times. Under these circumstances, we hold that Special Agent Poland's testimony sufficiently authenticated the exhibit in accordance with Texas Rules of Evidence 901(a) and 901(b)(7). *See* TEX. R. EVID. 901(a), (b)(7); *Reed*, 811 S.W.2d at 587; *Druery*, 225 S.W.3d at 502; *Mitchell*, 419 S.W.3d at 659.

To the extent that Siverand complains that Special Agent Poland lacked personal knowledge "about the information contained" in the exhibit, we conclude that his testimony that he obtained the document from the office where like-documents are kept is sufficient for authentication purposes. *See* TEX. R. EVID. 901(b)(7)(B) (providing that public records may be authenticated with evidence that they are "from the office where items of this kind are kept"). In addition, the exhibit itself contained sufficient evidence that it was filed or kept in a public office. *See Fleming v. Wilson*, 610 S.W.3d 18, 21 (Tex. 2020) ("While a certified copy of a public record would automatically be self-authenticating, . . . an uncertified copy of a public record could itself contain sufficient evidence that it was filed or kept in a public office."). Thus, we cannot say that under the circumstances the admission of State's Exhibit 1 into evidence was outside the zone of reasonable disagreement. *See Wright*, 618 S.W.3d at 890. Therefore, we need not consider Siverand's additional arguments that the exhibit was not properly certified pursuant to Texas Rules of Evidence 902 or 1005. *See* TEX. R. EVID. 902, 1005; *Reed*, 811 S.W.2d at 587; *see also* TEX. R. APP. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary

11

to final disposition of the appeal."). We overrule Siverand's sole issue.

### III. CONCLUSION

We affirm the trial court's judgment.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
15th day of August, 2024.